In the Matter of the Estate of HENRY ROSENBERG, Deceased.

UNITED STATES OF AMERICA, Appellant; JEROME ROSEN-BERG et al., Respondents.

(Argued September 30, 1935; decided November 26, 1935.)

*F. W. H. Adams, United States Attorney (David H. Wainhouse* and *George B. Schoonmaker* of counsel), for appellant. The tax lien created by section 115 of title 26 of the United States Code extends to and covers the interest of the beneficiary in the trust. (*Metcalfe* v. *Union Trust Co.,* 181 N. Y. 39; *Brearley School* v. *Ward,* 201 N. Y. 358; *Commissioner of Internal Revenue* v. *Blair,* 60 Fed. Rep. [2d] 340; *Matter of Williams,* 187 N. Y. 286; *Matter of Hohenshieldt,* 105 Penn. Super. Ct. 18; *Town of*

*Shrewsbury* v. *Bucklin,* 105 Vt. 188; *Staley* v. *Vaughn,* 50 S. W. Rep. [2d] 907; *Cannon* v. *Nicholas,* 10 Fed. Rep. 718.) The statutes and judicial decisions of the State of New York limiting judgment creditors in reaching the interest of a beneficiary of a spendthrift trust do not limit the United States in enforcing the statutory lien created by section 115 of title 26 of the United States Code. (*Fink* v. *O' Neil,* 106 U. S. 272; *United States* v. *Harpootlian,* 24 Fed. Rep. [2d] 646; *Clark* v. *Allen,* 114 Fed. Rep. 374; *United States* v. *Stacey,* 155 Fed. Rep. 510; *Matter of Dartmont Coal Co.,* 46 Fed. Rep. [2d] 455; *Burnet* v. *Harmel,* 287 U. S. 103.)

*Nathan Lieberman* and *Isidore B. Seidler* for Jerome Rosenberg, respondent. Independent of any State exemption laws, the United States has no authority to levy upon or distrain income from a spendthrift trust. ( *United States* v. *Western Union Tel. Co.,* 50 Fed. Rep. [2d] 102; *Clark* v. *Allen,* 114 Fed. Rep. 374; 126 Fed. Rep. 738.) The United States is bound by State exemption laws in the collection of its claims. (*Fink* v. *O' Neil,* 106 U. S. 272; *United States* v. *Harpootlian,* 24 Fed. Rep. [2d] 646; *United States* v. *Stacey,* 155 Fed. Rep. 510; *Clark* v. *Allen,* 114 Fed. Rep. 374.)

*Chester Bordeau* for Leslie Lester, as receiver, respondent. The income from the trust is not subject to the lien of the United States government. (*Ellet* v. *McCord,* 41 S. W. Rep. [2d] 110; *Matter of Parrott,* 1 Fed. Rep. 481; *Buchanan* v. *Warley,* 245 U. S. 60; *Transcontinental Oil Co.* v. *Emmerson,* 131 N. E. Rep. 645; *Commissioner of Internal Revenue* v. *Adamson Mfg. Co.,* 51 Fed. Rep. [2d] 681.)

CROUCH, J. Jerome Rosenberg, a life beneficiary of a trust created by the will of Henry Rosenberg, instituted a proceeding in the Surrogate's Court to secure an adjustment of the rights of his creditors to the trust income, which was under the provisions of section 15 of the

Personal Property Law (Cons. Laws, ch. 41) and section 103 of the Real Property Law (Cons. Laws, ch. 50), not assignable by the petitioner, and exempt from garnishee execution except (Civ. Prac. Act, § 684) as to ten per cent thereof. A number of judgments against petitioner were represented in the proceeding by a receiver of the petitioner appointed by the City Court in supplementary proceedings. The United States had previously informally arranged that the receivership extend to cover its claim for unpaid income taxes, for which it had filed notices of liens pursuant to United States Code (Tit. 26, ch. 3, § 115) on November 20, 1929, and May 25, 1931. Two of the judgments represented by the receiver were recorded prior to the filing of the notices of lien.

The United States intervened in the Surrogate's Court proceeding and asserted that inasmuch as it was not a judgment creditor, confined by United States Code (Tit. 28, ch. 18, § 727) (R. S. § 916) to the same remedies which it might have had in the State courts, nor limited by any Federal exemption to a percentage of the trust income, its right to enforce its lien under section ·115 was not limited by any law of the State of New York.

. The Surrogate rejected that contention and directed the trustees to pay ninety per cent of the income to the beneficiary and the remaining ten per cent to the receiver for the judgment creditors. The order was affirmed by the Appellate Division. The courts below seem to have found the absence of any reported holding to the contrary sufficient ground for determining that the Federal government either has no authority to satisfy its claim from the income of a spendthrift trust or that its policy in relation to that device is in accordance with the policy of our own State.

The fundamental policy to be borne in mind is that the right of property is a right *cum onere*. A person may not ordinarily have ownership of or right to enjoy property and at the same time be able to keep it from the claims

of creditors and others. (Cf. *Hallett* v. *Thompson*, 5 Paige, 583, 586.) An individualistic cross-current came to permit fathers of improvident sons, by way of exception, to insure a sum necessary for education and support (Real Prop. Law, § 98) in order to protect them from their own extravagance and to prevent them from becoming public charges. Nevertheless, under the pressure of special circumstances, that apparently unreachable sum has been permitted by the courts to be reached. (*Wetmore* v. *Wetmore*, 149 N. Y. 520; and see 43 Harvard Law Rev. 63.) It is by no means certain that our State policy excludes the payment of State taxes and other possible claims by the State from the category of necessary support. A tax in some form nowadays is at least as certain as, say, medical or legal expenses.

However that may be, it is certain that no policy of this State may interfere with the power of Congress to levy and collect taxes on income. (*Burnet* v. *Harmel*, 287 U. S. 103, 110; *United States* v. *Snyder*, 149 U. S. 210, 214.) Cases where State exemptions have been applied to the collection of judgments in favor of the United States have been in every instance predicated on the statutory adoption of State exemptions. (*Fink* v. *O' Neil*, 106 U. S. 272; *Custer* v. *McCutcheon*, 283 U. S. 514.)

Section 115 of title 26 of the United States Code provides as follows:

" § 115. Lien for taxes. (a) If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

If the right or interest which the beneficiary here has in the income of the trust may be said to fall within the sweeping limits of the phrase " all property and rights to property, whether real or personal, belonging to such person," then we see no reason to doubt the validity of the appellant's contention. It is true that the legal estate is in the trustee. Nevertheless, " the whole beneficial proprietorship, or interest, is in the *cestui que trust*, for whom he holds the estate and who has the right to enforce the performance of the trust." (*Metcalfe* v. *Union Trust Co.*, 181 N. Y. 39, 44.) To say that right is not a right to property within the meaning of the United States Code, title 26, section 115, because equity acts *in personam* and not *in rem*, would be mere legalism and would disregard the plain language and what we think is the plain intendment of the statute. Certain other arguments may be briefly noticed. It is said (granting that the beneficiary's right is a right to property) that since United States Code, section 116 of title 26, grants to the government the power to distrain for taxes certain specified items of personal property, among which income from a spendthrift trust is not included, the lien and right to enforce given by section 115 should be confined to the items mentioned in section 116. The two statutes are not *in pari materia*. (*Blacklock* v. *United States*, 208 U. S. 75.) As to the lack of specific statutory authority to maintain a suit or proceeding in equity to enforce a lien on trust income (which authority is specifically given with respect to interests in real property), it is enough to say that if, as we think, such a lien exists here, it must have the attributes of liens generally and is something that courts of general equitable jurisdiction may enforce. (Cf. 1 Pomeroy on Equity Jurisprudence [4th ed.], § 167; *Gilchrist* v. *Helena Hot Springs & Smelter R. Co.*, 58 Fed. Rep. 708; *Westmoreland & Trousdale* v. *Foster*, 60 Ala. 448.) The powers of a Surrogate's Court with respect to testamentary trusts are sufficiently broad for the pur-

pose. Finally, since the property right here in question may not be reached at all by distraint under section 116, and may be reached under the State statute by garnishment only to the extent of ten per cent (Civ. Prac. Act, § 684; United States Code, tit. 26, ch. 3, § 142), it is difficult to say that there is an adequate remedy at law.

The order should be reversed and an order granted to the effect that the judgments filed prior to the filing of the notice of lien are entitled to ten per cent of the trust income ahead of the United States and that the United States is entitled to ninety per cent of the trust income until the prior judgments are satisfied; and then, if the claim of the United States is still unpaid, to the entire income until paid; all, however, without costs.

The order of the Appellate Division and that of the Surrogate's Court should be reversed, without costs, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion.

HUBBS, J. (dissenting). It is the contention of the appellant that the interest of the petitioner in the trust is "property" or "a right to property" within the meaning of section 115 of title 26 of the United States Code; that by reason of that fact it possesses a lien upon the trust income; that it is not limited in the enforcement thereof by the laws of the State of New York, permitting the establishment of a spendthrift trust; and that the order directing payment to the petitioner should be reversed.

Section 115 of title 26 of the United States Code, in so far as material herein, reads as follows:

"§ 115. Lien for taxes. (a) If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) *shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.* Unless another date is specifically fixed

by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

It is contended by respondents that the interest of a beneficiary in a trust estate is not a property right of such nature that it comes within the purview of section 116 of title 26 of the United States Code so as to enable the government to distrain it. Section 116 of chapter 3 of title 26 of the United States Code provides as follows:

" § 116. Distraint for taxes. If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with 5 per centum additional thereto, and interest as aforesaid, by distraint and sale, in the manner hereafter provided, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid,    *    *    *."

Then follow provisions for certain exemptions not material here.

Clearly the interest of the beneficiary of a spendthrift trust is not to be deemed included under the definition of any one of the words " goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt."

Section 142 of chapter 3 of title 26 of the United States Code provides in part as follows:

" Suits for fines, penalties, and forfeitures, and taxes. *    *    * and taxes may be sued for and recovered in the name of the United States, in any proper form of action, before any district court of the United States for the district within which the liability to such tax is incurred    *    *    *."

Section 117 of chapter 3 of title 26 of the United States Code provides that the collector may levy upon all property and rights to property belonging to the person

neglecting or refusing to pay taxes. These three sections, 116, 117 and 142, provide the statutory method of enforcing the lien created by section 115. If they are to be deemed exclusive, then the appellant, not having adopted one of those methods, must fail in its effort to enforce its lien or to have its lien adjudicated in this proceeding.

It is conceded that if it were to proceed under section 142 as a judgment creditor, it would be limited as would any other judgment creditor to whatever benefit it might obtain under a garnishment proceeding instituted pursuant to section 684 of the Civil Practice Act, since in the enforcement of judgments, the United States by act of Congress is limited to the remedies available in a State court for the enforcement of a judgment. For the same reason it could not levy upon the income from a trust fund not being subject to levy and sale. The property right of defendant not being a subject of distraint and not subject to levy, and no judgment having been recovered, the appellant can succeed only if it has a general right exclusive of the statutory provisions to enforce its lien in an equitable proceeding in the State court.

Statutory liens cannot be extended by the courts to those cases not provided for by the statute. (*Buchan* v. *Sumner*, 2 Barb. Ch. 165, 195; *Aldine Mfg. Co.* v. *Phillips*, 118 Mich. 162.)

" Where a statute creates a specific lien, and gives a specific remedy for the enforcement of such lien, a court of equity has no jurisdiction to enforce it, in the absence of some such special ground of equitable interposition, such as renders the remedy at law unavailable or inadequate." Equity will enforce a statutory lien " where jurisdiction has been acquired for other purposes. But the jurisdiction * * * to enforce * * * rests upon the statute, and can extend no further." (17 Ruling Case Law, 613, 614; *Marshall* v. *Wabash Ry. Co.*, 201 Mich. 167.)

While a court of equity " having acquired jurisdiction for other purposes, may, as an incident to general relief granted, order property sold to satisfy a lien, it has no jurisdiction to enforce a lien, either common law or statutory, upon a bill filed solely for that purpose." (*Marshall* v. *Wabash Ry. Co.*, *supra*, p. 178; *Aldine Mfg. Co.* v. *Phillips*, *supra; Greil Bros. Co.* v. *City of Montgomery*, 182 Ala. 291; 1 Jones on Liens [3d ed.], § 94.)

Statutory liens are affected but slightly by the general principles and considerations applicable to the common law lien. Statutory liens may exist although the creditor has not possession of the property sought to be subjected to a lien, whereas possession independent and exclusive in the party who claims the lien is indispensable to the existence of a common law lien. In the respect that the lien may exist in the absence of possession, statutory liens are somewhat more akin to certain forms of equitable liens. However, statutory liens are unlike equitable liens in that the jurisdiction to enforce them, as stated above, rests upon the respective statutes by which they are created. The statute creating the lien here under consideration provides certain specific methods of enforcement, none of which have been adopted by the appellant and some of which could not be adopted by reason of the fact that the nature of the property sought to be subjected to the lien is such that those methods are inapplicable. The statute does not give a right to proceed in equity for enforcement of the lien and while in certain cases where jurisdiction has been acquired for other purposes a court of equity will enforce a statutory lien, it would seem that it will do so only by giving effect to a method of enforcement provided for under the statute creating the lien.

The appellant in this case has failed to show that the remedy at law is unavailable. Its right to maintain an action for collection of the tax is undisputed. The other

remedies specified in the statute being inapplicable by reason of the nature of the property, do not constitute remedies in the instant case. The appellant contends that the remedy at law is inadequate. It can hardly be said to be inadequate in the sense that it entitles the appellant to equitable relief when the limit of its adequacy grows out of the lack of effectiveness of a judgment which lack results from a limitation put upon the effectiveness of a judgm nt by Congress when providing that a judgment shall have the same force and effect and be enforceable in the same manner as a judgment of the State court. To permit the appellant to succeed in establishing its lien in this proceeding would be to give an effectiveness to the lien not provided for by the statute under which the lien was created. In other words, that statute gives specific means of enforcement which, with respect to this particular property, would not give priority to the lien over other judgment creditors. If its lien be established in this proceeding it will be given such preference and that is exactly the benefit which the appellant seeks, namely, that the entire income of the fund is subject to a prior lien in its favor by reason of the tax liability. Its position in that respect is untenable.

The appellant argues and it must, I think, be recognized that the lien of a United States tax upon property as to which the lien is applicable is paramount when considered in connection with the effect of State exemption statutes such as the statutes of the State of New York permitting the establishment of spendthrift trusts. While the lien is in terms made applicable to " all property and rights to property, whether real or personal," no method other than by judgment is provided for the enforcement of the lien against the income from such trust and the effect of a judgment is limited by act of Congress to enforcement as in the case of a judgment of the State court. Thus, it would seem that the property in question is not property to which the lien is applicable in the sense that it may be

enforced in the manner by which it is sought to be enforced in the present proceeding. By its refusal to adjudicate that a lien exists in favor of the government with respect to the income from this trust, the Surrogate's Court has in no wise affected any rights which the government now has. It may still avail itself of the statutory method. It may, without doubt, reach the money in the hands of the respondent Rosenberg to the same extent it could reach any other funds which he might possess. By refusing to extend the lien to the income in the hands of the trustee, the courts below have merely refused to provide a remedy not specified in the statute and to make the lien applicable to funds to which it would not be applicable except for a decree favorable to the contention of the government. If Congress had intended to extend the lien to trust funds it could have so stated in the statute, as it did with respect to bank accounts, and had Congress so stated there would then have been presented the question as to the power of the State to exempt funds included under the statutory lien, a question which is not here present for the reason that a statutory lien cannot be extended by implication and by judicial construction.

The order appealed from should be affirmed, with costs.

LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur with CROUCH, J.; HUBBS, J., dissents in opinion in which CRANE, Ch. J., concurs.

Ordered accordingly.