## UNITED STATES v. CANFIELD et al.
### No. Q–53–M.

District Court, S. D. California, Central Division.
July 24, 1939.

Ben Harrison, U. S. Atty., Eugene ·Harpole and C. L. Christie, Sp. Attys., Treasury Department, and Armond Monroe Jewell, Asst. U. S. Atty., all of Los Angeles, Cal., for the United States.

Newlin & Ashburn, Allen W. Ashburn, and C. Hudson B. Cox, all of Los Angeles, Cal., for defendant Security-First Nat. Bank of Los Angeles.

Wm. W. Lovett, Jr., of Los Angeles, Cal., and Herbert S. Hazeltine, Jr., of Pasadena, Cal., for defendant Caroline C. Spalding.

Lawler, Felix & Hall and L. C. Tupper, all of Los Angeles, Cal., and Oscar Lawler and L. C. Tupper, both of Los Angeles, Cal., for defendants Florence E. Whitney and Dorothy C. Cheseldine.

Neblett, Warner & McDonald, of Los Angeles, Cal., and Allen H. McCurdy, of Los Angeles, Cal., for defendant Laura Elaine Pierce (sued as Laura Elaine Votion).

Walter H. ·Robinson, of Beverly Hills, Cal., for defendant Eilleen C. Himes.

McCORMICK, District Judge.

We have reviewed the entire record of this action, as well as causes No. O-3-H and 7427-S.

During the time that the suit has been pending, various motions have been made and rulings entered which reflect this court's views of issues which at such times have been presented for decision. Throughout the trial many important and crucial questions of evidence have been determined, and the transcript fully discloses the opinion of the court in such matters.

We have concluded that a further detailed memorandum is unnecessary, not only because the findings of fact and conclusions of law which have been made and entered this day fully and formally decide all issues, but also because the progressively increasing penalties and interest assessable under the law against the defendant until final judgment should be avoided without unnecessary delay.

General conclusions from the entire case may be thus summarized:

It is indisputable that income taxes, interest and penalties for the calendar years 1922, 1923, 1925 and 1926 in an aggregate amount exceeding $32,750 are due, owing and unpaid from Charles O. Canfield, and that every possible effort has been made by the government to collect from the taxpayer, wholly without success, and that if the United States is unable to reach the property right of Canfield in a trust created in his father's will and of which defendant bank is trustee and enforce payment of such taxes in this suit, complete avoidance and evasion of the large tax obligation will have been achieved. We think such result should be obviated, as we believe it has been, by the application of the legal principles invoked by the United States in this action.

The government has seasonably and regularly pursued all of the requirements of applicable federal statutes for the assessment, collection, attachment of liens and enforcement of payment of the income taxes of Canfield for the years in question as to the taxpayer, and the processes invoked by the government should, and we believe do, reach all property and rights to property of Canfield in the trust of which defendant bank is trustee. Matter of Rosenberg's Will 269 N.Y. 247, 199 N.E. 206, 105 A.L.R. 1238. There is also respectable authority to the effect that issues of the legality of the assessments or the collection of the taxes of Canfield cannot be raised by the defendant bank, as it is not the taxpayer. United States v. First Capital National Bank, 1937, 8 Cir., 89 F.2d 116; United States v. American Exchange Irving Trust Co., D.C., 43 F.2d 829.

The taxpayer Canfield having failed and refused to pay and discharge the tax obligations, under Sections 1545, 1560, et seq., 26 U.S.C.A., a lien arose and attached to all property or rights to property of Canfield in the trust established for him and for his benefit by his father's will. Such lien arose by virtue of the receipt of the assessments by the Collector of Internal Revenue at the respective times which the evidence proves the assessments were in the hands of the Collector, and these liens have continued and are still effective and enforceable. The respective

assessments are also, under Bull, Executor, v. United States, 295 U.S. 247, at pages 259 and 260, 55 S.Ct..695, 79 L.Ed. 1421, given the force of a judgment, and seizure of all property rights of the defaulting taxpayer is lawful to satisfy the debt. The enforcement of the lien for unpaid taxes upon all property and rights to property of Canfield and the subjecting of such property to the payment of his unsatisfied taxes exists not only because of applicable statutes of the United States, but also arises by virtue of the service of summons issued pursuant to the bill in equity in this action under Section 1568, 26 U.S.C.A.

■■ The United States has all the rights that any other creditor may enjoy under the processes of equity. The amended bill of complaint may be considered in the light of the Federal Rules of Civil Procedure as a creditor's bill establishing in addition to the statutory liens an equitable one also. See Canfield v. Security-First National Bank, Cal.Sup., 87 P.2d 830.

Upon as early as July 16, 1927, when notice of levy was served upon the defendant bank, and later, and also upon the filing of the complaint in this suit, at times when said defendant had in its possession or under its control property and rights to property, adequate notice of Canfield's defaulted tax obligations and liabilities was given to said defendant, and it was required to withhold from Canfield and surrender to the government amounts in satisfaction of the unpaid tax obligations of the taxpayer Canfield. Instead of complying with the demands of the government and the requirement of the federal statutes relative to the surrender and payment of income taxes that Canfield owes to the United States, the defendant trustee has yearly since 1927 allocated and paid from the income of the trust estate of Canfield sums of money ranging from approximately $51,785 in 1927 to more than $35,000 in 1932. The entire amount of unpaid taxes due from Canfield to the United States at this time is less than $35,000.

■ It has been unquestionably settled that Canfield at all times involved in this action had an interest in the income of the trust created and vested by his father's will. And it can no longer be disputed that Canfield's right to receive income from the trust was and is property or a right to property belonging to Canfield, which was reachable by the United States in satisfaction of the government's unpaid tax claim under Section 1610, 26 U.S.C.A. Canfield et al. v. Security-First National Bank, supra. Matter of Rosenberg's Will, supra.

We also find from the record before us that the government's right and lien upon Charles O. Canfield's portion of the income from the testamentary spendthrift trust is and has been at all times paramount and preferential to the rights or claims of all other defendants herein.

■ In ascertaining the legal attendants to the investiture of the property and rights to property of Canfield by the allocation of trust income to him, it should be noted that before giving money to Canfield the trustee must necessarily decide to give it to him, and that during appreciable time, however brief, the allocation and award must precede the delivery of the income Canfield is to receive, and during that time the lien of the sovereign taxing power attaches. The lien for taxes is thus definitely affixed to the allocations before manual delivery to Canfield takes place, and the trustee in failing to observe and discharge the lien, and indeed by frustrating the purpose of the lien, has rendered itself liable under federal tax laws for the amount of income taxes, interest and penalties due from Charles O. Canfield for the years 1922, 1923, 1925 and 1926.

■ The record before us fails to establish any enforceable compromise or settlement of the tax obligations of Canfield which operates to relieve the defendant trustee of liability to the government in this case. The true factual situation as we have found it from the evidence shows willful falsification of existing material facts which misled the United States and which vitiates the alleged compromise averred in the pleadings in this action.

Judgment is ordered for plaintiff, with costs, in accordance with the findings of fact and conclusions of law filed this day which constitute the decision in this action.