## UNITED STATES v. LONG ISLAND DRUG CO., Inc., et al.

### No. 20.

Circuit Court of Appeals, Second Circuit.

Dec. 16, 1940.

Otho S. Bowling, of New York City, for defendants-appellants.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., and Mario Pittoni, Asst. U. S. Atty., of Lynbrook, N. Y., of counsel), for plaintiff-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The following facts appear from the pleadings and the papers filed on a motion by the United States for a summary judgment against the defendant Long Island Drug Company, Inc.:

On the May 1933 list the Commissioner of Internal Revenue assessed a distilled spirit tax against the defendant Charles Steinberg and others in the amount of $8,393.55. The list was signed July 1, 1933, and received in the òffice of the Collector of Internal Revenue on or about July 6, 1933. A notice and demand was made by the Collector on Charles Steinberg on July 14, 1933, and, owing to failure to make any payment on account of the tax, a warrant of distraint was issued on September 16, 1933.

On April 15, 1936, a notice of lien in the amount of $11,274.79 was filed in the office of the Clerk of the United States District Court for the Eastern District of New York, and in the office of the Register of Queens County. This sum included the assessment of $8,933.55, plus penalty and interest. On the same date notice of levy, copy of the notice of lien and of the warrant of distraint filed in the office of the Clerk of the District Court was served on the defendant Long Island Drug Company, Inc.

On June 17, 1936, another notice of lien was filed in the office of the Clerk of the District Court and with the Register of Queens County in the amount of $436.89 representing accrued interest in addition to that included in the previous notice of lien. On June 17, 1936, a notice of lien in the amount of $11,711.68, the amount specified in the notice of lien of April 15, 1936, plus the recent accrual of interest was served oh Long Island Drug Company, Inc.

Finally, on March 7, 1939, the Long Island Drug Company, Inc., was served with a notice of levy in the sum of $12,777.65, a copy of the warrant of distraint, and a final demand for the surrender of $12,777.65 of the money, credits, property and property rights belonging to Steinberg, stated to be then in possession of the Long Island Drug Company, Inc.

At the time of the service of the first notice and demand on April 15, 1936, Stein-

berg was indebted to the Long Island Drug Company in the sum of $4,711.13 on account of overdrawn salary. Since that date there accrued to Steinberg on account of salary due from the Drug Company $37,161.61. After deducting the $4,711.13 there remained a balance of the accrued salary which amounted to $32,450.52. During the period between the date of service of the notice of lien on April 15, 1936, and the time when the last notice of levy was served on March 7, 1939, the Drug Company had loaned $40,677.16 to the wife of Steinberg. Steinberg was either a joint maker or endorser of the notes given by Mrs. Steinberg to the Drug Company for the sums she borrowed and he had agreed with it after April 15, 1936, that he would guarantee the repayment of the loans and that any salary that he might thereafter become entitled to might be applied toward such repayment.

This action was brought to enforce a statutory liability of the Long Island Drug Company, Inc., arising because of its refusal to surrender to the Collector of Internal Revenue $12,777.65 alleged to be subject to distraint as property and rights of property of Steinberg.

The answer did not deny the allegations of the complaint and in the government's affidavits of service of notice and demand of taxes due under the assessments against Steinberg, nor did it deny that the Drug Company had failed to surrender his rights of property to the Collector. It did deny that the Drug Company was in possession of any rights of property of Steinberg at the time of the service of the notices upon it.

Upon a summary motion against the Long Island Drug Company, Inc., the District Court directed judgment for the United States in the sum of $12,777.65 plus interest and costs, amounting in all to $12,851.66. The Drug Company appeals on the ground that any lien which might exist upon the salary of Steinberg was not prospective and, therefore, was not imposed upon earnings of Steinberg accruing after the notice and demand of March 7, 1939, which were previously applied in accordance with the agreement of the parties to the repayment of the loans made to Mrs. Steinberg. We find no proof that the Drug Company was in possession of any property belonging to Steinberg when the Collector demanded the surrender of $12,777.65 on March 7, 1939, in payment of taxes. We think that no case was made requiring payment of the sum by the Drug Company and that *the judgment must accordingly be reversed.*

Provisions relating to the collection of taxes are contained in 26 U.S.C.A. Int.Rev. Code.[1]

■■ It seems reasonably clear that under the provisions of § 3690 the indebtedness of a third party to a taxpayer is sub-

[1] "§ 3670. Property subject to lien. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

"§ 3671. Period of lien. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

"§ 3672. Validity against mortgagees, pledgees, purchasers, and judgment creditors—(a) Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—* * *."

"§ 3690. Authority to distrain. If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with such interest and other additional amounts as are required by law, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid."

"§ 3692. Levy. In case of neglect or refusal under section 3690, the collector may levy, or by warrant may authorize a deputy collector to levy, upon all property and rights to property, except such as are exempt by the preceding section, belonging to such person, or on which the lien provided in section 3670 exists, for the payment of the sum due, with interest and penalty for nonpayment, and also of such further sum as shall be sufficient for the fees, costs, and expenses of such levy."

"§ 3710. Surrender of property subject to distraint—(a) Requirement. Any

ject to distraint. That section, among other choses in action, specifies "bank accounts, and evidences of debt". Under § 3710: "Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector * * * surrender such property or rights to such collector * * *". We think that the language quoted from § 3690 and § 3710 is broad enough to include the claim of Steinberg against the Long Island Drug Company, Inc., in so far as it had accrued when demands of payment were made by the Collector. This conclusion seems warranted by Matter of Rosenberg's Will, 269 N.Y. 247, 199 N.E. 206, 105 A.L.R. 1238; United States v. Canfield, D.C.Cal., 29 F. Supp. 734; Karno-Smith Co. v. Maloney, D.C.N.J., 28 F.Supp. 907, reversed on other grounds, 3 Cir., 112 F.2d 690; Filipowicz v. Rothensies, D.C.E.D.Pa., 31 F.Supp. 716; Kyle v. McGuirk, 3 Cir., 82 F.2d 212; Cannon v. Nicholas, 10 Cir., 80 F.2d 934.

The statement in United States v. Western Union Telegraph Co., 2 Cir., 50 F.2d 102, to the effect that the lien provided for in § 3670 is limited to tangible property was a dictum based on a too narrow reading of the statute and cannot be taken as authoritative.

 Though we shall assume that a salary or wages which have been earned may be made subject to a lien for unpaid taxes and also subject to distraint and levy, the situation in respect to future earnings is quite different. They are contingent upon performance of a contract of service and represent no existing rights of property. They are quite distinguishable from the right of a cestui que trust whose equitable life estate may be subjected to a lien on behalf of the government for unpaid taxes. Matter of Rosenberg's Will, 269 N.Y. 247, 199 N.E. 206, 105 A.L.R. 1238; United States v. Canfield, 9 Cir.,

29 F.Supp. 734. In the same way they are distinguishable from a taxpayer's interest in an insurance policy upon his life, Kyle v. McGuirk, 3 Cir., 82 F.2d 212; Cannon v. Nicholas, 10 Cir., 80 F.2d 934. Neither right of the taxpayer is contingent but is a fixed right to realize property or income derived therefrom dependent upon no future performance. Rights which do not exist at the time of the demand upon the taxpayer are not subjected to any lien. United States v. Pacific R. R., C.C.Mo., 1 F. 97. Here there was no showing that the taxpayer had any claim against the Drug Company when the demand upon him for payment was made.

On April 15, 1936, when the Collector served its first notice of lien and demand on the Long Island Drug Company, Inc., nothing was due Steinberg from the Company but he then owed the latter $4,711.13. Between that date and March 7, 1939, when the second demand was made on the Company, a contract had been made by it with Steinberg whereby any indebtedness of Steinberg, as surety, might be applied to sums becoming due for his salary. There was an indebtedness of Steinberg at the time of such demand which had been set off pursuant to the agreement.

 In the absence of a statute to the contrary, it is the usual rule that a garnishment does not affect future earnings or salary. Savings Bank of Danbury v. Loewe, 242 U.S. 357, 37 S.Ct. 172, 61 L.Ed. 360. Moreover, there would seem to be no justice in depriving the garnishee of its right to set off which, so far as the record shows was acquired for a valuable consideration before the demand was made on the Drug Company by the Collector. Both on April 15, 1936, when payment was first demanded of the Drug Company, and on March 7, 1939, when the last demand was made, the latter owed no debt to Steinberg upon which distraint could be made.

---

person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process.

"(b) Penalty for violation. Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the

value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy.

"(c) Person defined. The term 'person' as used in this section includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

We find nothing in § 3690 or § 3710 which varies the general rule that a garnishee process is not to be extended to future earnings, but will only reach an indebtedness which has accrued.

It appears from the foregoing that there was no lien upon any earnings of Steinberg on April 15, 1936, or accruing thereafter, and that he had no accrued earnings upon the dates upon which a levy was attempted. Accordingly the Long Island Drug Company, Inc., had no property which it could be required to surrender by reason of the provision of 26 U.S.C.A. Int.Rev. Code, § 3710.

Judgment reversed.