UNITED STATES v. OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited.

Civ. 44–252.

District Court, S. D. New York.

Feb. 5, 1948.

278

John F. X. McGohey, U. S. Atty., for the Southern Dist. of New York, of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for plaintiff United States.

Herbert F. Hastings, Jr., of New York City, for defendant.

BRIGHT, District Judge.

Defendant's motion to dismiss is denied. Taking the facts alleged in the complaint as true it appears that George Colvell and Marie Colvell are indebted to plaintiff in the sum of $268.59 for unpaid income taxes for 1943 and 1944, with interest. That liability is joint and several. 26 U.S.C.A. Int.Rev.Code, § 51(b). Acting pursuant to §§ 3690, 3692 and 3710 of the same law levy was made on defendant on property and rights to property belonging to George Colvell then in defendant's possession, demand was made that the latter surrender the amount mentioned which defendant has refused to do, which makes it liable under § 3710(b) for the amount mentioned with costs and interest. At the time of the levy defendant had in its possession the proceeds of an award granted to George Colvell under the New York State Compensation Law having a value of not less than $268.59. That was money payable

to said taxpayer, N.Y. Workmen's Compensation Law, Consol.Laws, c. 67, § 2, subd. 5; and for its payment defendant was directly liable. Id., § 54, subd. 1; Matter of Aioss v. Sardo, 249 N.Y. 270, 272, 164 N.E. 48; Matter of Cheesman, 236 N.Y. 47, 50, 139 N.E. 775; 26 U.S.C.A. Int.Rev.Code, § 3692; United States v. Long Island Drug Co., 2 Cir., 115 F.2d 983, 986, and payment by it would bar a recovery against either it or the employer. Id., § 54, subd. 1; United States v. Marine Midland Trust Co., D.C., 46 F.Supp. 38, 39; § 3710, supra. In any event, any other possibility is not a bar to this action. United States v. Ætna Life Ins. Co., D.C., 46 F.Supp. 30, 33.

While compensation benefits are, by § 33 of the Compensation Law, declared exempt from all claims of creditors and from levy for recovery of a debt, such exemption cannot be availed of against the Government, which has not by statute or otherwise provided for such exemption. (Matter of Rosenberg, 269 N.Y. 247, 251, 199 N.E. 206, 105 A.L.R. 1238, certiorari denied 298 U.S. 669, 56 S.Ct. 834, 80 L.Ed. 1392; Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199; Mercantile Trust Co. v. Hofferbert, D.C., 58 F.Supp. 701.

Settle order on notice.