Richard D. LEUSCHNER, Appellant,

v.

FIRST WESTERN BANK AND TRUST COMPANY, a California Banking Corporation, and United States of America, Appellees.

No. 15618.

United States Court of Appeals
Ninth Circuit.

July 1, 1958.

---

C. Ray Robinson, Merced, Cal., Lewis, Field, DeGoff & Stein, Sidney F. DeGoff, M. S. Huberman, A. B. Canelo, San Francisco, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Arthur I. Gould, A. F. Prescott, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., Lloyd H. Burke, U. S. Atty., Lynn J. Gillard, Asst. U. S. Atty., San Francisco, Cal., for appellee United States.

Orrick, Dahlquist, Herrington & Sutcliffe, Christopher M. Jenks, San Francisco, Cal., for appellee First Western Bank & Trust Co.

Before HEALY, POPE and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

In this case there are only two questions for decision. First, the trial court held that the right of the United States to collect unpaid income taxes prevails over spendthrift provisions of a trust notwithstanding the statute of the State of California, which exempts a portion of the right of a beneficiary thereunder for his education and support. Second, it was also held that the claim of the United States for preference on the unpaid taxes, filed in a voluntary bankruptcy proceeding of the beneficiary, did not bar a subsequent adjudication in the District Court of the right of the United States to enforce a lien upon property of the bankrupt filed subsequent to the adjudication.

The technical framework whereby these questions were raised need not delay us. Leuschner brought suit against his co-trustees, including the First Western Bank and Trust Company, in the state court for moneys held by the Bank as depository and claimed to be due him as a beneficiary of a trust. The bank filed interpleader, joining the United States. The United States removed the cause to the federal court and sued the Bank independently, pursuant to 26 U.S.C.A. § 6332(b), for penalty because of failure to turn over to the United States funds belonging to Leuschner. The adjudication of bankruptcy of Leuschner was dated July 7, 1955. The government filed lien on July 22, 1955, and on that same date delivered a notice of levy to a trust officer of the First Western Bank and Trust Company. On April 5, 1956, a final demand was delivered. The court found that the Bank had made no payments to Leuschner from the trust after that date, that the Bank was not subject to penalty, that the United States did not state a claim in the pleadings for the foreclosure of its lien, and that the Bank and trustee who interpleaded were entitled to attorney fees. None of these findings has been appealed. After determining the questions first above set out, the District Court dismissed the complaint filed by Leuschner, and he appeals.

The mother of Leuschner executed a trust agreement where he, Erida Leuschner Reichert, Armin O. Leuschner and First Western Bank and Trust Company were trustees, and he, along with others,

was a beneficiary. The pertinent provision of the trust agreement reads:

"Each and every beneficiary under this trust is hereby restrained from and shall be without right, power or authority to sell, transfer, pledge, mortgage, hypothecate, alienate, anticipate or in any other manner affect or impair his, her or their beneficial and legal rights, titles, interests, and estates in and to the income and/or principal of this trust during the entire term hereof; nor shall the rights, titles, interests and estates of any beneficiary hereunder be subject to the rights or claims of creditors of any beneficiary, and all the income and/or principal of this trust shall be transferable, payable and deliverable solely to the beneficiaries as herein provided, and the Trustees may require the personal receipt of any beneficiary as a condition precedent to the payment of any money or other property to such beneficiary."

The provision is legal under § 867 of the California Civil Code.[1] But, by another section of the same Act, ordinary creditors are permitted to reach all income

of a beneficiary of such a provision except so much as is necessary for his education and support.[2]

▮ It is the claim of the United States that, under the Income Tax Amendment to the Federal Constitution, Amend. 16, a lien for unpaid income tax may be levied and collected from all property or income received by a person, irrespective of private agreements or laws of the states to the contrary. The position of the government is that the California legislation above considered attempts to provide an exemption for the beneficiary which is valid as to creditors.[3] In view of the paramount amendment, such income cannot be isolated from the lien of the United States.

This rule is stated in the Restatement of the Law as follows:

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary, * * * (d) by the United States * * * to satisfy a claim against the beneficiary." Restatement, Trusts, § 157 (1948 Supp.).[4]

1. "The beneficiary of a trust for the receipt of the rents and profits of real property, or for the payment of an annuity out of such rents and profits, may be restrained from disposing of his interest in such trust, during his life or for a term of years, by the instrument creating the trust." Cal.Civ.Code, § 867.

2. "Where a trust is created to receive the rents and profits of real or personal property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, is liable to the claims of the creditors of such persons, in the same manner as personal property which can not be reached by execution." Cal. Civ.Code, § 859.

3. Section 859 of the California Civil Code is an exemption statute. By enactment of it, "the legislature has provided that the amount of income necessary for [the] 'education and support' [of beneficiaries of the proceeds of a spendthrift trust]

shall be free from claims of creditors." Canfield v. Security-First National Bank, 13 Cal.2d 1, 12, 87 P.2d 830, 836. The New York Court of Appeals, in dealing with a similar enactment, said that "the provisions of law which afford protection to the beneficiaries of trusts are practically simply statutes of exemption." Brearley School v. Ward, 201 N.Y. 358, 364, 94 N.E. 1001, 1003, 40 L.R.A.,N.S., 1215.

4. The leading case in support of this proposition is similar to the instant one. It is In re Rosenberg's Will, 269 N.Y. 247, 199 N.E. 206, 105 A.L.R. 1238, certiorari denied sub. nom. Rosenberg v. United States, 298 U.S. 669, 56 S.Ct. 834, 80 L.Ed. 1392. See also United States v. Dallas National Bank, 5 Cir., 152 F.2d 582; United States v. Canfield, D.C., 29 F.Supp. 734, appeal dismissed sub. nom. Security-First National Bank of Los Angeles v. United States, 9 Cir., 113 F.2d 491.

"It has been held in a number of cases that the government can reach the inter-

There is no doubt that the paramount right to collect taxes of the federal government overrides a state statute providing for exemptions.[5]

■ But the bastion of the claim built up by Leuschner is that he had a property right to receive this income for education and support. Thus it is sought to construe the California statute to avoid the inference that an exemption is granted thereby. It is for the very reason that Leuschner acquires a property right that the government has the power to levy thereon.[6] No opinion is expressed as to what result would follow if the trust provided that, upon seizure of the proceeds, the gift would lapse and thereafter the income would be payable to the other cestui que trust. So long, however, as Leuschner has a property interest in these payments, the government has the power to seize them.[7]

■ The last point made by Leuschner is not maintainable. Leuschner filed a voluntary petition in bankruptcy and was so adjudicated. The government filed a claim that the tax liability of Leuschner be paid in preference to other creditors. Leuschner suffered no detriment from the filing of such a claim, and it was not discharged by the adjudication. The trustee did seek to have the trust income applied to the claims of creditors. The referee held that this fund could not be reached. The claim of the government was never passed upon or adjudicated in any way. Sometime after the petition was filed, the lien notice was served on the Bank. No estoppel is involved. If the referee had held that the government had no claim or that there was no lien upon the fund by the service of the notice, some question might be raised.[8] But the filing of the notice of levy and seizure after the adjudication seems to preclude any jurisdiction over the lien by the bankruptcy court. None of the cases cited by Leuschner bears upon the point.

Affirmed.

---

est of a beneficiary of a spendthrift trust to enforce its claim for unpaid taxes. * * * It seems clear that the creator of a trust ought not to be permitted to exempt the interest of the beneficiary from liability for taxes payable by the beneficiary, even where he can exempt it from the claims of ordinary creditors." Scott, Trusts, § 157.4 (1956 ed.).

"Although a spendthrift trust is held valid against creditors and assignees of the beneficiary, it does not necessarily follow that the same conclusion must be reached when a state or the United States seeks to reach the beneficiary's interest." Griswold, Spendthrift Trusts, § 342, p. 403 (2d ed., 1947).

5. "Against [federal tax] liens, exemptions prescribed by State laws are ineffective." United States v. Heffron, 9 Cir., 158 F.2d 657, 659, certiorari denied 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845 (state homestead exemption); Fried v. New York Life Insurance Company, 2 Cir., 241 F.2d 504, certiorari denied 354 U.S. 922, 77 S.Ct. 1382, 1 L.Ed.2d 1437 (proceeds of disability insurance exempt from claims of creditors by state statute not exempt from federal tax liens). See also Knox v. Great Western Life Assurance Co., 6 Cir., 212 F.2d 784, 785.

6. See United States v. Dallas National Bank, 5 Cir., 152 F.2d 582, 584–585.

7. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Internal Revenue Code of 1954, § 6321. See Glass City Bank of Jeanette, Pa. v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56.

8. The referee in his findings did recite that the government had levied upon the property claimed to be exempt on July 22, 1955, many days after the adjudication. But this amounts to a disclaimer of jurisdiction over this lien, which, by virtue of § 67, sub. d(6) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d(6), was valid against the Trustee. It is also recited in the conclusion of the referee that the creditors have no claim on the exempt property. This finding does not intimate that the referee is attempting to pass upon the right of the government to levy a lien for unpaid taxes upon the property which the referee has held exempt from claims of ordinary creditors.