UNITED STATES of America, Plaintiff,

v.

Robert F. WAGNER, Abraham D. Beame, Paul R. Screvane, Edward R. Dudley, Joseph F. Periconi, Abe Stark, Mario J. Cariello and Albert V. Maniscalco, constituting the Board of Estimate of the City of New York, as Trustees of the New York City Employees' Retirement System, New York City Employees' Retirement System, City of New York, and Mervyn B. Haycock, Defendants.

United States District Court
S. D. New York.

Oct. 14, 1964.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by Robert E. Kushner, Asst. U. S. Atty., for plaintiff.

Leo A. Larkin, Corp. Counsel, by Jack Mund, New York City, for defendants.

CANNELLA, District Judge.

Motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment against all the defendants except Mervyn B. Haycock and motion pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for partial default judgment against the defendant Mervyn B. Haycock. Both motions are granted.

During a period of time culminating with February 8, 1961, the defendant Haycock was employed by the New York City Transit Authority and was a member of the city's employees' retirement system. Defendant Haycock was discharged for cause from city employment on February 8, 1961 at which time the accumulated deductions from his salary for retirement purposes amounted to $4,833.33, including interest up to February 8, 1961.

Haycock presently owes federal income taxes, penalties and interest for the year 1955 in the amount of $7,556.92. Assessment for this amount was made on August 7, 1959. In addition, Haycock also owes federal income taxes, penalties and interest in the amount of $10,120.63 for the year 1958. Assessment of said amount was made on July 24, 1959.

The United States is entitled to enforce its tax liens against the retirement fund held by the defendant-custodians. Although Haycock's discharge for cause worked a forfeit of his pension rights, he nevertheless retained a property right to recover the accumulated deductions from his salary. Matter of Eberle, 285 N.Y. 247, 33 N.E.2d 692 (1941). The federal liens came into existence at the time of the tax assessments (26 U.S.C. §§ 6321, 6322) and attached to property and rights to property then owned by Haycock. United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). The said liens are enforceable in this action. Even though the retirement fund is exempt from attachment under New York law, the New York courts have acknowledged that federal tax liens are not subject to state exemption laws. See Matter of Rosenberg's Will, 269 N.Y. 247, 199 N.E. 206, 105 A.L.R. 1238 (1935).

Defendant Haycock was served at his New Jersey residence, where he presently resides, pursuant to 28 U.S.C. § 1655. Service was accomplished by the United States Marshal for the District of New Jersey on July 16, 1963. Haycock has failed to answer or appeal and his time to do so has long since expired. The United States is thus entitled to a default judgment against Haycock pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure enforcing the tax liens. As provided in 28 U.S.C. § 1655, this adjudication affecting an absent defendant without appearance who has been served in keeping with the provisions of that statute shall affect only the property which is the subject of the action. No *in personam* judgment against Haycock is sought, but merely a default judgment enforcing the tax liens against the retirement fund.

So that the defendant-custodians may be protected both in their fiduciary capacity and as public officials in making payment herein, it is hereby ordered that upon making payment pursuant to and in accordance with a certified copy of this judgment to the person lawfully

entitled thereto, the defendants, other than the defendant Haycock, shall be released and discharged from all liability to the plaintiff, United States of America, and to the defendant, Mervyn B. Haycock, to the extent of such payment.

So ordered.