**UNITED STATES of America, Plaintiff,**

v.

**Walter E. TAYLOR et al., Defendants.**

**Civ. No. 43286.**

United States District Court
N. D. California, S. D.
June 9, 1966.

Cecil F. Poole, U. S. Atty., John M. Youngquist, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Daley & Patridge, Stockton, Cal., Robert H. Rinn, Lodi, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

GEORGE B. HARRIS, Chief Judge.

This case presents two novel problems in the law of federal tax liens. The first concerns whether such a lien can attach to a life interest in a trust for support, and how, if the lien does attach, it may be effectively foreclosed. The second concerns the effectiveness, as against a federal tax lien, of a "forfeiture" clause which provides that a beneficiary's interest in the trust shall terminate if it becomes payable to the federal government. The facts giving rise to these problems are not in dispute and the matter has been submitted to the court on cross-motions for summary judgment.

I

The court reserved ruling with regard to two depositions marked for identification 1 and 2. The trustees' objection to the court's consideration of the deposition testimony concerning the circumstances surrounding the drafting of the will of Lee Jones, Sr., is overruled, and the depositions may be considered in evidence for all purposes. In fact, the testimony adds very little to the facts which are fairly inferable and manifest from the instruments themselves. The testator's intention to keep the United States government from reaching any amount under the trust is abundantly

clear. However, the court is not foreclosed from considering the circumstances bearing upon the formulation of that intention in determining whether or not its exclusion does violence to public policy.

The last will and testament of Lee Jones was drafted by attorney Robert Rinn. He testified that at the time the will was drafted in January of 1959 the testator had settled upon the intention of providing a trust under his will from which his son (the taxpayer herein) and the son's family would be supplied with money necessary for their support and maintenance. Mr. Rinn also testified that the testator at that time expressed to him his concern about the prodigal nature of his son and for that reason directed the inclusion of provisions in the trust intended to protect his son's right to receive payments thereunder from the claims of his son's creditors.

Rinn also stated that one of the specific intended purposes of these provisions was to keep the federal government, which was known to be an existing creditor of Lee Jones, Jr., at the time the will was drafted, from reaching the rights of Jones, Jr., to receive payments under the trust.

It also developed that a San Francisco attorney was consulted by the testator at the time of the drafting of the will in January of 1959; that this attorney did, in effect, draft the provisions of article VIII which contained the "spendthrift" and "forfeiture" limitations on the beneficial interest created by article VI of the will. Parenthetically, it may be noted that this attorney was of record for the appellant in Leuschner v. First Western Bank & Trust Co., 261 F.2d 705 (9th Cir. 1958). This decision affirms the right of the government to enforce its tax liens against a taxpayer's beneficial interest under the spendthrift trust provision.

The testimony of John D. Stephens, trust officer representing the bank in its capacity as administrating trustee of the testamentary trust, established that regular weekly payments from the trust to the taxpayer, Lee Jones, Jr., commenced in May of 1964 and continued through February 12, 1965, when the government's suit was filed against the trustees.

No payments have been made from the trust to any beneficiaries since this suit was commenced. The payments to the taxpayer were made upon the trustees' determination of what the taxpayer needed for his and his dependents' maintenance and support.

II

The United States has an unpaid tax judgment against the taxpayer, Lee Jones, Jr., in the amount of $143,624.51. The judgment was entered in 1960 and is founded upon a claim for unpaid income taxes for the years 1947, 1948 and 1949. The entire amount of the judgment, plus interest accruing since its entry, remains unpaid and is a presently existing lien upon "all property and rights to property" of the taxpayer. Int. Rev. Code of 1954, §§ 6321, 6322.

In 1964, upon the distribution of his deceased father's estate, the taxpayer became the life beneficiary of a trust created by his father's will. As of June 10, 1964, the date of the last accounting shown by the record, the trust had assets valued at $146,784.35. In May, 1964, the trustees began making regular weekly payments to the taxpayer, but when this action was commenced in February, 1965, the payments were discontinued. Income accumulating since that date has been accounted for separately and has not been added to principal.

In this action the government seeks a declaration that the taxpayer has a property right in the trust to which the tax lien has attached, and an order compelling the trustees to commence paying to the government all amounts otherwise payable to the taxpayer until the lien is satisfied in full. The court's jurisdiction and the government's authority for bringing such an action are conferred by Int. Rev.Code of 1954, §§ 7402 and 7403, respectively. Pursuant to § 7403(b), the trustees and all known beneficiaries of the trust in question have been named

and served as parties-defendant. Only the trustees have entered their appearance and filed an answer. A guardian ad litem was appointed for the minor beneficiaries; the guardian appeared at the hearing on the motions for summary judgment, but has filed no responsive pleadings. Defaults have been entered against all the adult beneficiaries, including the taxpayer himself.

 The fundamental question is whether, within the meaning of § 6321, the taxpayer has "property" or "rights to property" in the trust. This is a question to be decided in the first instance by reference to state law; § 6321 creates no property rights, it merely attaches federal tax consequences to state-created rights. United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Once, however, a state-created property interest is found, we enter the province of federal law; state-created exemptions and limitations are inoperative to prevent the attachment of federal tax liens. Ibid. The federal lien statute, § 6321, is a potent and far-reaching aid to effective and efficient enforcement of the federal revenue laws. As the Supreme Court has said, in referring to the predecessor section (§ 3670) in the 1939 Code: "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." Glass City Bank of Jeanette, Pa. v. United States, 326 U.S., 265, 267, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945). On the other hand, the Supreme Court has only recently reemphasized the importance of the role played by the states in creating and defining property interests; a federal tax lien cannot attach to property in which, under state law, the taxpayer has no property interest at all. Aquilino v. United States, supra, 363 U.S. at p. 513, n. 3, 80 S.Ct. 1277. In all cases the court must attempt to strike "a proper balance between the legitimate and traditional interest which the State has in creating and defining the property interest of its citizens, and the necessity for a uniform administration of the federal revenue statutes." Id. at 514, 80 S.Ct. at 1281.

### III

Although contested at the outset, the trustees have now conceded that the trust is fundamentally a trust for support.[1]

Under paragraph VI(a), the taxpayer has a lifetime, enforceable, equitable right to support from the income of the trust. The discretionary feature is limited to the trustees' determining the amounts they deem "necessary" for the taxpayer's proper care, maintenance and support. The provision that the "trustees shall pay" is *mandatory* and conveys the intent of the testator that his son is to receive support payments from the net income of the trust if he needs support.

 If the trustees refuse to act or act unreasonably, a court of competent jurisdiction may be invoked to obtain an order compelling the trustees to act in the exercise of discretion. § 2269 California Civil Code; Estate of Lackmann, 156 Cal.App.2d 674, 320 P.2d 186 (1958).

---

1. "VI(a) The trustees shall pay to or apply for the benefit of my son, LEE JONES, JR., so much of the net income of said trust, up to the whole thereof, as the Trustees may from time to time deem necessary or advisable for his proper care, maintenance and support. The balance of said net income, if any, shall be accumulated by the Trustees, and from time to time added to the principal of the trust estate."

"VI(b) If at any time, in the absolute discretion of the Trustees, my son, LEE JONES, JR., should for any reason be in need of funds for his proper care, maintenance and support, the Trustees may in their absolute discretion, pay to or apply for his benefit, in addition to the payments hereinabove provided for him, such amounts from the principal of his share of the trust estate, not to exceed Fifteen Thousand Dollars ($15,-000.00) per annum, as the Trustees may from time to time deem necessary or advisable for his use and benefit."

See Restatement, Trusts (Second) § 154 (1959).

The courts have devised means of determining a beneficiary's reasonable needs, i. e., the station in life test, wherein the beneficiary receives enough to recover reasonable needs of a typical man of his station in life. See, e. g., Canfield v. Security-First Nat'l Bank, 13 Cal.2d 1, 87 P.2d 830 (1939).

Paragraph VI(b), although phrased as a grant of absolute discretion, is geared to the taxpayer's need for support. The trustees have the power under this provision to invade the principal when the trust income is inadequate to meet the taxpayer's needs. This provision is enforceable whenever the trust income fails to meet the taxpayer's reasonable needs. In this regard, the courts will compel an honest exercise of discretion by the trustees. California Civil Code § 2269; Estate of Lackmann, supra; Halbach, Problems of Discretion in Discretionary Trusts, 61 Colum. L.Rev. 1425, 1430–33 (1961).

The trust being one fundamentally for support, the taxpayer has a basic beneficial right to receive payments from income to the extent needed for his support. It follows that the government liens have attached to and subsist against that right.[2]

The taxpayer's property right in the trust at bar differs from any other property right only in that it has no permanently fixed dollar value. It is variable according to the taxpayer's needs. At any given point in time it can be assigned a reasonably accurate dollar value by assessing the taxpayer's current needs and living demands. It may be assumed that his current needs are at least comparable in amount to the weekly payments which were terminated by the trustees in February, 1965.

It appears that in each tax lien problem there are two aspects: (a) identifying the right to which the lien can attach, and (b) working out a practical method of enforcing the lien.

The fact that the property right under consideration has a variable value cannot be advanced as a valid reason against concluding that the tax lien has attached to the taxpayer's substantial, vested property right in the trust. At most, it is a circumstance which may add to the practical problems of enforcing the lien.

## IV

Does the forfeiture clause terminate the taxpayer's property right and therefore defeat the tax lien?

The question as to whether a forfeiture clause is invalid as against a government tax lien is apparently a question of first impression. In Leuschner v. First Western Bank & Trust Co., 261 F.2d 705, (9th Cir. 1958), the court held that the right of the United States to collect unpaid income taxes prevails over spendthrift trust provisions of a trust notwithstanding California statutes which exempt a portion of the right of a beneficiary to receive unencumbered trust payments for his support and education.

In the course of his opinion in *Leuschner*, the late Circuit Judge James Alger Fee said (p. 708):

"No opinion is expressed as to what result would follow if the trust provided that, upon seizure of the proceeds, the gift would lapse and thereafter the income would be payable to the other *cestui que* trust.

This dictum provided the attorney drafting the forfeiture provision in question with an artful and ingenious method of attempting to avoid the consequences of the government lien herein.

Presumably aware that the law in the Ninth Circuit was settled that a *simple*

2. "Lien for Taxes. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Int.Rev.Code of 1954, § 6321.

spendthrift trust provision was of no effect to prevent the collection of federal taxes from a beneficiary's interest under a trust, the approach was adopted to include in article VIII a provision which purports to cause an *absolute* forfeiture of a beneficiary's rights under the trust, "if from any cause whatsoever the said income or principal, or any part thereof, shall or but for this proviso, would at any time become payable to or pass to or for the benefit of any person, firm, association, corporation, political subdivision, state or federal government, other than such beneficiary."

However, the foregoing proviso creates no real forfeiture and gift over to other beneficiaries for the reason that the *third* paragraph of the same article *gives back* to the "forfeiting beneficiary" by the device of the trustees' "uncontrolled discretion," essentially the same right to receive payments that he would have before the so-called "forfeiture."

The third paragraph reads: "Provided further, that notwithstanding any forfeiture by a beneficiary as aforesaid, my trustees in their uncontrolled discretion, but without any obligation to do so, may from time to time apply or direct the application of said income forfeited as aforesaid, or so much thereof as seems to them best to the use of the beneficiary so forfeiting the same."

The trustees are thus given uncontrolled authority to pay the income to any beneficiary, including the beneficiary supposedly forfeiting his right to income and to such beneficiary's husband, wife or descendants.

The fourth paragraph of article VIII contains directions on the accumulation of income after a supposed forfeiture. The fifth and final paragraph of the article is again a part of the classical spendthrift trust provision related to the first paragraph and attempting to restrain payment, as well as alienation.

It should be abundantly clear that this is not a case of an *absolute* forfeiture, with a gift over upon the happening of a condition. It is quite transparent from the phrasing and verbiage employed that the draftsmanship resorted to was designed to insulate the interest of the spendthrift son from the admittedly valid government lien. Subtle or not, the provisions of the trust in question represent an exercise in circumlocution in attempting to draft around the well-settled law in the Ninth Circuit on spendthrift trusts.

The prime question for decision may be simply stated: Whether the public policy which recognizes a testator's right to dispose of his property as he sees fit extends to his giving property in trust for a beneficiary on the condition it not be used to pay the beneficiary's federal tax obligations or is instead overridden by the public policy which recognizes the right of the United States to uniformly collect taxes from property and rights to property belonging to a taxpayer.

In Mercantile Trust Co. v. Hofferbert, D.C., 58 F.Supp. 701, at 705, Judge Chesnut concisely stated the issue and a sound resolution:

"The reasons which have actuated some courts, as in Maryland, to uphold spendthrift trusts against the claims of creditors do not necessarily apply to tax claims of the government either federal or State. Griswold, supra, § 342, p. 302.

The public policy involved is quite different. In the one case the donor of the property has the right to protect the beneficiary against his own voluntary improvident or financial misfortune; but in the other the public interest is directly affected with respect to collection of taxes for the support of the government. The imposition of the tax burden is not voluntarily by the beneficiary. In a sense the property itself incurs the tax; or rather the property is held *cum onere*. \* \* \* It is said \* \* \* that in making the gift the donor had the absolute right to impose limitations on the application of the income. (Citations omitted.) But I am unable to concur in the soundness of the distinction sought to be made. Public policy is the determining factor \* \* \* If, as is conceded, the public policy of the State expressed in

a statute must yield to federal taxes, so also must trust instruments created by a donor. In many States spendthrift trusts are not validated either by judicial decision or by statute; but federal income taxes are intended to be uniform in their application throughout the Nation. See Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 * * *." Cf. Commissioner of Internal Revenue v. Procter, 4 Cir., 142 F.2d 824, 154 A.L.R. 1215.

In Commissioner of Internal Revenue v. Procter, 142 F.2d 824 (4th Cir. 1944), the trustor made a gift in trust with the proviso in the trust indenture that if by final judgment of a federal court it was determined that the gift was subject to federal tax, then the gift would automatically lapse and be deemed not to have been made and revert to the trustor. In refusing to give effect to the proviso, the court said:

> "We do not think that the gift tax can be avoided by any such device as this. Taxpayer has made a present gift of a future interest in property. He attempts to provide that, if a federal court of last resort shall hold the gift subject to gift tax, it shall be void as to such part of the property given as is subject to the tax. This is clearly a condition subsequent and void because contrary to public policy. A contrary holding would mean that upon a decision that the gift was subject to tax, the court making such decision must hold it not a gift and therefore not subject to tax. * * * It is manifest that a condition which involves this sort of trifling with the judicial process cannot be sustained." (p. 827)

By parity, in the case at bar, the defendants' contentions surrounding the so-called "forfeiture" provisions, represent no more nor less than a trifling with the judicial process, and they cannot be sustained under any theory.

For the reasons hereinabove set forth:

(a) Neither the spendthrift trust nor the so-called "forfeiture" provisions of the trust, are valid as against the government liens which encumber the taxpayer's beneficial rights and interests under the trust;

(b) Summary judgment should be granted in the government's favor and against the trustees and other parties upon the terms particularly set forth in the prayer of plaintiff's complaint;

(c) Such additional hearings or proceedings may be had and conducted as may be necessary and proper in order to formulate the decree and judgment herein, with particular reference to effectuating paragraph (c) of the prayer contained in plaintiff's complaint which reads as follows:

> "That the Court order and decree that Plaintiff's liens be foreclosed against all beneficial right and interest of the Defendant Lee Jones, Jr., under the trust hereinabove described; and that the Defendant Co-Trustees shall forthwith and henceforth from time to time pay over to Plaintiff, to the extent necessary to satisfy Plaintiff's liens in full, all amounts payable to the Defendant Lee Jones, Jr., under the terms of paragraph VI of the Will of Lee Jones hereinabove described without regard or giving effect to the provisions of paragraph VIII of said Will which purport to limit, restrict, insulate or terminate the beneficial right and interest of said Defendant to receive such payments under said trust."

(d) The court reserves the right, authority and jurisdiction to make and enter such additional orders herein as may be meet, just and proper;

(e) Plaintiff shall prepare, serve and file its Proposed Findings, Decree and Judgment.