**BANK ONE OHIO TRUST COMPANY, N.A., as Trustee of the Albin C. Reitelbach Trust, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C2-93-1039.

United States District Court, Southern District of S.D. Ohio, Eastern Division.

July 11, 1994.

---

Judith M. Fisher, and Elizabeth Hammond, Columbus, OH, for plaintiff.

Robert L. Handros, U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

GRAHAM, District Judge.

This is an action alleging wrongful levy by the United States of America, the Internal Revenue Service ("IRS"), brought pursuant to 26 U.S.C. § 7426(a)(1) by Bank One Ohio Trust Company, N.A., as trustee of the Albin C. Reitelbach Trust. The plaintiff challenges the authority of the IRS under 26 U.S.C. § 6331(a) to file a levy against trust assets in order to attach any trust income due to Frank B. Reitelbach from the trust. Plaintiff seeks a determination that the levy is wrongful and unauthorized, and further seeks temporary and permanent injunctive relief against the execution of the levy. This matter is now before the court for a decision

on the cross-motions for summary judgment filed by the parties.

The facts of the case are not in dispute, and the issue presented is one of law. Plaintiff is the trustee of the Albin C. Reitelbach Trust, which was created on December 5, 1980 pursuant to an agreement between plaintiff and Albin C. Reitelbach. Frank B. Reitelbach was named as a co-beneficiary of the trust. Under Article III, § 2 of the trust agreement, Frank Reitelbach was entitled to receive the net income of the trust. Article IV, § C(6) of the trust contains a spendthrift provision, which reads in relevant part as follows:

No income or principal payable to or held for the benefit of any beneficiary shall be alienated, disposed of or in any manner encumbered while in the possession of the Trustee otherwise than by the authorized act of the Trustee. If by reason of any act of any such beneficiary, or by operation of law, or by the happening of any event, or for any other reason except an act of the Trustee authorized hereunder, any of such income or principal shall, or except for this provision would, cease to be enjoyed by such beneficiary, or if, by reason of an attempt of any such beneficiary to alienate, charge or encumber the same, or by reason of the bankruptcy or insolvency of such beneficiary, or because of any attachment, garnishment or other proceeding, or any order, finding or judgment of court either in law or in equity, the same, except for this provision would vest in or be enjoyed by some other person, firm or corporation otherwise than as provided herein, then the trust herein expressed concerning such income and/or principal shall cease and determine as to such beneficiary. Thereafter, all such income and principal shall be held by the Trustee according to its absolute discretion during the lifetime of such former beneficiary. During such time the Trustee may pay to or apply for the benefit of such former beneficiary, any dependent of his or any other beneficiary hereunder, out of such income and/or principal theretofore so held for such former beneficiary, such sums and such sums only as the Trustee, in its absolute discretion, shall deem proper. Upon the death of such former beneficiary, any such undistributed income and/or principal then held by the Trustee shall be distributed to or held for the person or persons entitled thereto according to the provisions of this Agreement relating to the holding or distribution of such former beneficiary's share upon the death of such former beneficiary, but as if such beneficiary had failed to exercise any power of appointment granted to him or her in this Agreement.

On May 5, 1993, the IRS served plaintiff with a notice of levy dated April 20, 1993, which purported to attach "all net trust income due Frank B. Reitelbach from trust agreement between Albin C. Reitelbach and Bank One Trust Company." The notice identified Frank Reitelbach as the allegedly delinquent taxpayer. Plaintiff did not remit the trust assets in question and filed the present action alleging that the levy exceeds the authority of the IRS under 26 U.S.C. § 6331(a).

■ The IRS is authorized under § 6331(a) to "levy upon all property and rights to property ... belonging to" a delinquent taxpayer. In asserting its federal tax lien, the IRS must look to state law for a determination of what legal rights and interests, if any, comprise "property and rights to property" to be attached. *Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). State law controls in determining the nature of the legal interest which the taxpayer has in the property sought to be reached by the lien. *Id.,* 363 U.S. at 512–513, 80 S.Ct. at 1279–1280.

■ A "spendthrift trust" is a trust that imposes a restraint on the voluntary and involuntary transfer of the beneficiary's interest in the trust property. *Scott v. Bank One Trust Co., N.A.,* 62 Ohio St.3d 39, 577 N.E.2d 1077 (1991), *citing* 1 Restatement of the Law 2d, Trusts (1959) 311, Section 152(2). The Supreme Court of Ohio has held that spendthrift trusts will be enforced in Ohio. *Domo v. McCarthy,* 66 Ohio St.3d 312, 612 N.E.2d 706 (1993); *Scott,* 62 Ohio St.3d 39, 577 N.E.2d 1077, syllabus para. 4. In upholding the validity of spendthrift trusts, the court commented that "as a matter of policy,

it is desirable for property owners to have, within reasonable bounds, the freedom to do as they choose with their own property." *Scott,* 62 Ohio St.3d at 47, 577 N.E.2d 1077. "An important maxim to be derived from *Scott* is that a settlor has, under most circumstances, unfettered discretion to dispose of her or his assets as the settlor so chooses." *Domo,* 66 Ohio St.3d at 317, 612 N.E.2d 706. Where the settlor imposes a restraint on the voluntary and involuntary transfer of the beneficiaries' interests in both income and principal, such a restraint is valid. *Id.*

■ Under Ohio law as announced in *Scott,* a trust beneficiary has no greater interest in the trust property than that given by the trust agreement. *Scott,* 62 Ohio St.3d at 48, 577 N.E.2d 1077. The Ohio Supreme Court further held that in the case of a spendthrift trust, the settlor has not given the beneficiary an alienable interest, and the beneficiary of a spendthrift trust has no interest that is liable to the execution of a judgment. *Scott,* 62 Ohio St.3d at 48–49, 577 N.E.2d 1077.

■ The language of § C(6) of the trust agreement in the instant case includes a clause providing for the nonalienability of trust income or principal. The section also contains a clause providing for the forfeiture of the beneficiary's interest in the event that the income or principal is no longer enjoyed by the beneficiary, as well as the substitution of a discretionary trust whereby the distribution of any income to the "former beneficiary" is left entirely to the discretion of the trustee. These provisions qualify as a spendthrift trust. Under Ohio law, the only property interest which Frank Reidelbach had in the trust was a nonalienable interest. Ohio law further defines the nature of this interest as one which is not subject to execution, because the settlor did not give the beneficiary an interest which may be executed upon. *Scott,* 62 Ohio St.3d at 49, 577 N.E.2d 1077.

Defendant contends that the spendthrift clause does not bar the IRS levy in this case. Defendant has cited several cases for the proposition that spendthrift clauses are not effective to defeat a federal tax levy. Neither party has cited any Sixth Circuit cases dealing with this issue and the cases relied on by defendant are distinguishable because they involve the law of states other than Ohio. For example, in *United States v. Riggs Nat's Bank,* 636 F.Supp. 172 (D.D.C. 1986), the court found that Maryland law, applicable in that case, created an exception to the enforcement of spendthrift trusts for tax liens. In contrast, the court in *In re Wilson,* 140 Bankr. 400 (Bankr.N.D.Tex. 1992) concluded that since the beneficiary/taxpayer did not have a property interest in a spendthrift trust under Texas law, the federal tax lien did not attach to the trust.

Whether state law can prevent a federal tax lien from attaching to a state-created interest by creating a forfeiture whenever the government tries to levy is a question of federal law. *Aquilino,* 363 U.S. at 512–513, 80 S.Ct. at 1279–1280. In *Leuschner v. First Western Bank & Trust Co.,* 261 F.2d 705 (9th Cir.1958), relied upon by defendant, the court concluded that a California statute, which created an exemption by providing that trust income necessary for the education and support of beneficiaries of a spendthrift trust could not be reached by creditors, did not bar the government's tax lien.

However, no such exemption is involved in the present case. The court in *Scott,* 62 Ohio St.3d at 48, 577 N.E.2d 1077, noted that the enforcement of a spendthrift trust does not operate as an exemption of the beneficiary's property from creditors' claims, because, due to the nature of the beneficiary's interest as defined under Ohio law, the beneficiary has no property interest in the trust income upon which such an exemption could operate. This is not a case where some state law exempts or bars the attachment of the taxpayer's interest in property, but rather a situation where the levy does not attach because under state law, no recognized property interest exists to which it can attach.

■ This court does not agree with defendant's argument that a spendthrift trust can never prevail over a federal tax levy. To so hold would ignore the long-standing principle that "property" or "rights to property" subject to attachment are to be determined by reference to state law. *Aquilino,* 363 U.S. at 512–513, 80 S.Ct. at 1279–1280. A federal tax lien cannot attach to property in which the taxpayer has no property interest

at all under state law. *Id.* at 513, n. 3, 80 S.Ct. at 1280, n. 3. Where, as here, the highest court of the state has determined that a beneficiary has no alienable or attachable property interest in a spendthrift trust, there is likewise no property interest to which a federal tax levy may be applied.

■ Defendant argues that the spendthrift provision at issue here does not specifically mention a tax levy or lien by the government as a qualifying event which would trigger the operation of the forfeiture clause, and that the taxpayer still has an interest in the trust income. A court's purpose in interpreting a trust is to ascertain and effectuate, within the bounds of the law, the settlor's intent. *Domo,* 66 Ohio St.3d at 314, 318, 612 N.E.2d 706. When the language of the trust agreement is not ambiguous, intent can be ascertained from the express terms of the trust itself. Here, the broadly worded language of the trust provides that if, "by reason of any act of any such beneficiary, or by operation of law, or by the happening of any event, or for any other reason except an act of the Trustee authorized hereunder", the beneficiary ceases to enjoy the trust income, then the beneficiary's interest in the trust would terminate. The filing of the IRS levy qualifies as "any event." When the IRS claimed the income which was formerly destined to be paid to Frank Reitelbach by reason of the tax lien or levy, then the income ceased to be enjoyed by Mr. Reitelbach, and the forfeiture provision was triggered. *See Scott,* 62 Ohio St.3d at 47, 577 N.E.2d 1077.

■ Another clause of the trust agreement provides for forfeiture where, "because of any attachment, garnishment or other proceeding, or any order, finding or judgment of court either in law or in equity," the trust income "would vest in or be enjoyed by some other person, firm or corporation." Defendant contends that the words "person, firm or corporation" are not broad enough to encompass the government. This court disagrees. Ohio courts have been lenient in their interpretation of trust agreements to effectuate the apparent intent of the settlor. For example, in *Scott,* the Ohio Supreme Court concluded that even though the trust at issue contained no clause restraining alienability, the language of the trust as a whole did in effect prevent such alienation and was

sufficient to create a spendthrift trust. The party seeking to reach trust assets in that case was a bankruptcy trustee. In *Society Bank Nat'l Ass'n v. Cayuga Cty. Dept. of Social Services,* 1993 WL 65747, 1993 Ohio App. LEXIS 1374 (2nd App.Dist.1993), the court held that the spendthrift clause of the trust agreement, which also contained the "person, firm, or corporation" language, was enforceable against a government agency seeking to recover the cost of Medicaid payments made on behalf of the beneficiary. The trust here provides for a cessation of the beneficiary's interest upon the happening of any event which interferes with his enjoyment of the trust income. This language suggests that the settlor intended that the words "person, firm, or corporation" should likewise be broadly interpreted to encompass any conceivable sort of creditor. There is nothing in the document to indicate that the settlor intended to exclude the government from the operation of the spendthrift clause.

Defendant further argues that the terms of the trust are illusory because the trustee still has discretion after a disqualifying event to remit income to the beneficiary, and that this potential for future income constitutes a property interest which is subject to the levy. The trust agreement here gives plaintiff complete discretion in deciding whether to pay trust income to Mr. Reitelbach upon his disqualification as a beneficiary. Under the terms of the agreement, once forfeiture has occurred, the "former beneficiary" has no further right to income, and plaintiff may hold the income and principal during the life of the former beneficiary or may pay out the income to the former beneficiary, his dependents or any other beneficiary of the trust. Any income or principal which remains undistributed upon the death of the former beneficiary is to be distributed to other persons specified in the trust agreement. There is no language in the agreement which suggests that the former beneficiary's right to income can ever be restored by a return to pre-forfeiture circumstances.

■ The Ohio Supreme Court in *Domo,* 66 Ohio St.3d at 315–317, 612 N.E.2d 706, considered language very similar to that found in the discretionary clause in the instant agreement, and concluded that "the newly created discretionary trust cannot be

reached by appellant as a creditor." Thus, under Ohio law, where the trustee is granted absolute discretion as to whether to make payments of income to a former beneficiary, the former beneficiary has no property interest in the trust which can be reached by creditors or by a tax levy. The case of *Magavern v. United States,* 550 F.2d 797 (2d Cir.1977), relied on by defendant, is distinguishable, since in that case, the trustee was obligated under the terms of the trust to distribute some income to the beneficiaries for their support, and there was no language permitting the entire deletion of any beneficiary. Rather, the issue in that case was the amount of the benefit to be paid. Here, Mr. Reitelbach had no property rights which were subject to attachment.

In accordance with the foregoing, the court finds that under Ohio law, Mr. Reitelbach has no property interest in the Albin C. Reitelbach trust which constitutes a property interest or right to property of Frank Reitelbach which would be subject to levy under § 6331(a). The plaintiff's motion for summary judgment is granted and the defendant's cross-motion for summary judgment is denied. The court determines that the levy issued by the IRS in this case is wrongful, and the defendant is hereby permanently enjoined from executing this levy.