**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MICHAEL F. HARRIS,
*Defendant*,

and

KEVIN HARRIS; SCOTT HARRIS;
HOLLY PATUBO, Co-Trustees,
*Garnishees-Appellants.*

No. 16-10152

D.C. No.
3:95-cr-00227-TEH-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Argued and Submitted March 17, 2017
San Francisco, California

Filed April 20, 2017

Before: Richard C. Tallman and Paul J. Watford, Circuit
Judges, and Louis Guirola, Jr.,[*] Chief District Judge.

Per Curiam Opinion

---

[*] The Honorable Louis Guirola, Jr., Chief United States District Judge
for the Southern District of Mississippi, sitting by designation.

## SUMMARY[**]

### Garnishment

The panel affirmed the district court's decision that a writ of continuing garnishment attaches to a beneficiary's interest in discretionary support trusts, in a case in which the beneficiary, Michael Harris, owes restitution ordered following his 1997 conviction.

The panel held that Harris's interest in the trusts, which were established by his parents for his support, qualifies as "property" under 28 U.S.C. §§ 3002(12), 3205(a) and 18 U.S.C. § 3613(c). The panel wrote that because Harris has a right to receive distributions under California law, his interest in the discretionary trusts is not a mere expectation; that his disclaimer of his interest in the trusts does not prevent the attachment of the writ of garnishment; and that the trusts' spendthrift clauses do not protect the trusts' assets from the enforcement of a federal lien.

Noting that the government is not attempting to compel distributions from the trusts, the panel wrote that any current or future distributions from the trusts to Harris shall be subject to the continuing writ of garnishment until the restitution judgment is satisfied.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Howard D. Neal (argued), Neal & Associates, Oakland, California, for Appellants.

Julie C. Reagin (argued), Assistant United States Attorney; Sara Winslow, Chief, Civil Division; Brian Stretch, United States Attorney; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

In 1997, Michael Harris was convicted of eight federal criminal counts related to theft from an employee benefit plan. He was sentenced to 30 months in prison and ordered to pay $646,000 in restitution. He has paid only a small fraction of that amount. The government later learned that Harris is a beneficiary of two irrevocable, discretionary trusts established by his parents for his support. In 2015, the government applied for a writ of continuing garnishment for any property distributed to Harris from the trusts. *See* 28 U.S.C. § 3205(a).[1] The trustees opposed the application on the ground that Harris had disclaimed his interest in the trusts, with the exception of several checking and investment accounts. The district court granted the writ and ordered the

---

[1] Section 3205(a) provides: "A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."

trustees to pay to the United States all current and future amounts distributed to Harris under the trusts.

We have jurisdiction under 28 U.S.C. § 1291 and must decide whether a writ of continuing garnishment may attach to a beneficiary's interest in a discretionary support trust. We review the district court's legal conclusions on this issue de novo. *See Lim v. City of Long Beach*, 217 F.3d 1050, 1054 (9th Cir. 2000).

We begin with the procedure for identifying property subject to federal writs of garnishment. A federal restitution order is "a lien in favor of the United States on all property and rights to property" as if the liability were for "a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). In examining the statutes that govern tax liens, as we must do here, the Supreme Court has noted that Congress used broad language so as "to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985). "Property" subject to garnishment under these statutes "includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts))." 28 U.S.C. § 3002(12). In determining whether a property right falls within this definition, "the important consideration is the breadth of the control the taxpayer could exercise over the property," which we assess with reference to the state law governing the right. *Drye v. United States*, 528 U.S. 49, 61 (1999) (alterations omitted) (quoting *Morgan v. Comm'r*, 309 U.S. 78, 83 (1940)).

To determine whether Harris's interest in the trusts fits within this expansive definition of property, we look first to the trusts themselves and to the laws of California, the state that governs them. *See id.* at 52. In California, an irrevocable trust provides its beneficiaries with "a vested and present beneficial interest in the trust property." *Empire Props. v. Cty. of Los Angeles*, 52 Cal. Rptr. 2d 69, 73 (Ct. App. 1996). Per the trust documents, the amount payable to Harris is subject to the absolute discretion of the trustees. The first trust, known as the Restated Trust, provides that "[t]he Trustee shall payout of income which in the Trustee's absolute discretion will help support [Harris], which in the opinion of the Trustee will allow [Harris] to properly manage his affairs." That trust also states that "[t]he Trustee may pay to [Harris] or for his benefit, so much of the principal as the Trustee deems necessary or advisable from time to time for his health, maintenance, education, and best interest." The second trust, known as the Harris Trust, provides that the trustees "may" distribute both the trust's income and principal for Harris's support, again subject to their absolute discretion. Each trust also contains a spendthrift clause, which provides that "[t]he interest of the beneficiary in principal or income shall not be subject to the claims of any creditor, any spouse for alimony or support, or others, or to legal process, and may not be voluntarily or involuntarily alienated or encumbered."

We note that despite the discretionary language of the trusts, California law grants Harris the right to compel distributions from the trusts, insofar as those distributions are necessary to fulfill the trusts' purposes. Even if a trust confers "absolute, sole, or uncontrolled discretion on a trustee," the trustee must "act in accordance with fiduciary principles" and must not act in bad faith or in disregard of the

trust's purposes. Cal. Prob. Code § 16081(a) (internal quotation marks omitted). Under § 17200 of the California Probate Code, a beneficiary of a trust "may petition the court . . . concerning the internal affairs of the trust," which are defined to include "[s]ettling the accounts and passing upon the acts of the trustee, including the exercise of discretionary powers." Cal. Prob. Code § 17200(a), (b)(5); *Young v. McCoy*, 54 Cal. Rptr. 3d 847, 854 (Ct. App. 2007) (allowing judicial review of a trustee's decision not to make discretionary payments to a beneficiary). The "basic inquiry" in such an action is whether the trustee "acted in the state of mind contemplated by the trustor." *Young*, 54 Cal. Rptr. 3d at 854 (quoting *In re Greenleaf's Estate*, 225 P.2d 945, 948 (Cal. 1951)). Thus, even though the trust purports to grant the trustees absolute discretion over distributions, Harris can petition the probate court to ensure that the trustees' exercise of that discretion is consistent with the trusts' purposes.

Mindful of the rights granted to trust beneficiaries under California law, we hold that Harris's interest falls within the federal definition of "property." As the court held in *United States v. Taylor*, 254 F. Supp. 752 (N.D. Cal. 1966), when a beneficiary "has a basic beneficial right to receive payments" from a discretionary trust, a government lien may "attach[] to and subsist against that right." *Id.* at 756. In this respect, a taxpayer's property right in a discretionary trust "differs from any other property right only in that it has no permanently fixed dollar value." *Id.* Harris argues that he has only a "mere expectation" of future distributions, and that a federal lien may not attach to this expectation because it is not a property interest. But because Harris has a right to receive distributions under California law, his interest in the discretionary trusts is not a mere expectation. Instead, it

constitutes "property" under the expansive definition stated in 28 U.S.C. §3002(12).

Moreover, Harris's alleged disclaimer of his interest in the trusts cannot defeat the writ of garnishment. "Once it has been determined that state law creates sufficient interests in the taxpayer to satisfy the requirements of the federal tax lien provision, state law is inoperative to prevent the attachment of the federal liens." *Drye*, 528 U.S. at 52 (alterations omitted) (quoting *United States v. Bess*, 357 U.S. 51, 56–57 (1958)). As discussed above, California law gives Harris a right to distributions from the trusts. This right falls within the broad definition of property in 28 U.S.C. § 3002(12), so Harris's disclaimer under state law is "inoperative to prevent the attachment of" the writ of garnishment. *Drye*, 528 U.S. at 52.

Finally, the trusts' spendthrift clauses have no effect on our analysis because a spendthrift clause does not protect a trust's assets from the enforcement of a federal lien. *Leuschner v. First W. Bank & Trust Co.*, 261 F.2d 705, 707–08 (9th Cir. 1958).

In sum, we conclude that Harris's interest in the trusts qualifies as property under the federal debt collection procedure that applies in this case. The government is not attempting to compel distributions from the trusts. However, any current or future distributions from the trusts to Harris shall be subject to the continuing writ of garnishment, until the restitution judgment is satisfied.

Trustees shall bear all costs of appeal.  *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**