**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-10317 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00483-WHA-1 |
| v. | |
| MICHAEL F.  HARRIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted October 17, 2018
San Francisco, California

Before:  THOMAS, Chief Judge, and KLEINFELD and GRABER, Circuit Judges.

Michael Harris appeals the district court's imposition of a 12-level

sentencing enhancement under U.S.S.G. § 2B1.1.  We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review the district court's factual findings for clear error and its application of the Sentencing Guidelines to the facts of the case for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir.) (en banc), *cert. denied*, 138 S. Ct. 229 (2017). Reversal under an abuse of discretion standard is possible only when the district court improperly calculates the Guidelines range or rests its decision on a clearly erroneous finding of a material fact. *United States v. Lloyd*, 807 F.3d 1128, 1139 (9th Cir. 2015). Clear error will not be found if the district court's account of the evidence is plausible in light of the entire record. *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002). If there was an error, we consider whether it was harmless. Fed. R. Crim. P. 52(a).

At issue is the district court's "actual loss" calculation at sentencing. The district court found that Harris's false statements resulted in an "actual loss" of more than $250,000 and imposed an 18-month sentence. The court reached its actual loss conclusion by combining (1) $171,670 in distributions that Harris made to himself from the Harris trust; and (2) a $150,000 payment the trust made to Harris's wife. Harris contests both findings.

I

The district court did not clearly err by finding an actual loss of $171,670 in distributions that Harris made to himself from the Harris trust. Under U.S.S.G. §

2B1.1, actual loss is the "reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1, cmt. n.3(A)(i). Pursuant to *United States v. Harris*, 854 F.3d 1053 *(*9th Cir. 2017) (per curiam)*,* the payments Harris received from the trust would have gone to the individuals owed restitution through a garnishment writ absent his false statements. Further, Harris rendered the funds unavailable for any future payment of restitution by spending them on personal expenses. The district court did not err in concluding that inability for those owed to access the expended funds was a "reasonably foreseeable pecuniary harm" resulting from Harris's offense.

Harris argues that his concealment did not cause any actual loss; instead, he "simply failed to pay a federal debt as quickly as otherwise might have been required." But, as numerous cases in the bankruptcy context demonstrate, concealed funds available for the payment of restitution are appropriately included in actual loss calculations. *See, e.g.*, *United States v. Lawrence*, 189 F.3d 838, 845 (9th. Cir. 1999) (determining funds concealed from creditors when the defendant placed them in a trust could properly be included in a loss calculation for sentencing purposes); *United States v. Lindholm*, 24 F.3d 1078, 1084–86 (9th Cir. 1994) (finding that fraudulent statements on bankruptcy applications that the

defendant filed to avoid having to make payments that he had the ability to pay caused actual loss to creditors).

## II

We need not decide whether the district court erred in including the $150,000 distribution to Harris's wife in its actual loss calculation, because any error was harmless. At sentencing, an error is harmless when the sentencing court (1) acknowledges that the correct Guidelines range is in dispute and performs the sentencing analysis twice, beginning with both the correct and the incorrect range; or (2) when it "chooses a within-Guidelines sentence that falls within both the incorrect and the correct Guidelines range and explains the chosen sentence adequately." *United States v. Leal-Vega*, 680 F.3d 1160, 1170 (9th. Cir. 2012) (quoting *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011)).

Both are true here. Had the loss amount only included the $171,670, the court would have applied a 10-level enhancement. U.S.S.G. § 2B1.1(b)(1). At the sentencing hearing, the district court inquired whether the 18-month sentence would still be appropriate without the $150,000 payment. After conducting the analysis, the district court then concluded that, even if the $150,000 were excluded, the 18-month sentence would still be within the Guidelines range. Thus, any error

4

in the inclusion of the amount was harmless, and we need not decide whether any error occurred.

**AFFIRMED.**